[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13593

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JIANXIANG SHI,
a.k.a. Long Niu,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20421-DPG-1

_____

Before WILLIAM PRYOR, Chief Judge, and WILSON and LUCK, Circuit Judges.

PER CURIAM:

Jianxiang Shi appeals his convictions for fraud and misuse of visas. 18 U.S.C. § 1546(a). Shi challenges the denial of his motion for a judgment of acquittal and the jury instructions at his trial on the ground, raised for the first time on appeal, that his crime of conviction required the government to prove not only that he made a "false claim or statement" to procure the visas, but that the false statement was made under penalty of perjury "under the laws of the United States of America." We affirm.

A grand jury charged Shi with two counts of fraud and misuse of visas. *Id.* The superseding indictment alleged that, on multiple dates in November 2016, Shi knowingly possessed a nonimmigrant visa that he knew had been procured "by means of a false claim and false statement, and to have been otherwise procured by fraud, and unlawfully obtained." Shi proceeded to trial.

Natasha Ghent-Rodriguez, a visa policy analyst with the United States State Department Bureau of Consular Affairs, testified that citizens from certain countries must obtain a nonimmigrant visa to enter the United States for tourism or business. Part of the nonimmigrant visa application process includes submitting a DS-160 form and interviewing with a consular officer. The last page of the DS-160 form states, "All declarations made in this

application are unsworn declarations made under penalty of perjury." Ghent-Rodriguez explained that this statement is a "reminder that anything submitted that is false is under penalty of perjury." Applicants also must disclose whether anyone assisted them.

Ghent-Rodriguez testified about Shi's visa applications in 2014 and 2016. Shi's 2014 application stated that he had only a Chinese nationality and passport and that no one assisted him in filling out the form. But Shi's 2016 application stated that he held a St. Kitts and Nevis nationality and passport and, although he listed his secondary nationality as Chinese, he denied holding a Chinese passport. Shi told the consular officers in 2014 that he intended to travel to the United States for business, and in 2016 he stated that he intended to honeymoon in Hawaii. Consular officers approved a nonimmigrant visa attached to Shi's Chinese passport in 2014 and his St. Kitts and Nevis passport in 2016.

Juan Botero with United States Customs and Border Protection testified about travel entry records that revealed that Shi used his 2014 and 2016 visas to fly to Houston, Texas, and Miami, Florida, in November 2016. In February 2017, a travel record revealed that an individual named "Long Niu" entered the United States in Las Vegas using a Marshall Islands passport. "Long Niu's" fingerprints, taken on arrival, matched Shi's fingerprints. "Niu" and Shi also shared the same date of birth. The State Department revoked Shi's visas.

The government rested its case, and Shi moved for a judgment of acquittal, Fed. R. Crim. P. 29. Shi argued that the

government failed to prove he provided false information because it produced no evidence that he "ever saw" or participated in preparing the applications. Shi also challenged the denial of his pretrial motions to take foreign depositions and to present expert testimony at trial. The district court denied Shi's motion. Shi rested his case without presenting any evidence and renewed his motion for a judgment of acquittal, *id.*, which the district court denied.

Before closing arguments, the district court discussed the proposed jury instructions with Shi and the government. Regarding the government's proposed instruction on the definition of "false" statements, Shi stated that he wanted to be clear that he was "only objecting to the sentence, 'The Government doesn't have to show that the governmental agency or department was, in fact, deceived or misled.'" The district court sustained the objection.

In its closing argument, the government argued that the evidence, including Shi's frequent travel under multiple passports, visas, and identities, was sufficient proof that he knowingly possessed and used fraudulent visas. Shi argued that he was a busy businessman who delegated tasks including visa applications, so he was not involved with preparing his 2014 and 2016 visa applications.

The district court confirmed that Shi had no other objections to the jury instructions and read the following instruction:

> The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt: (1) the defendant knowingly possessed or used a nonimmigrant visa required for entry into the

United States; and (2) the defendant knew that the nonimmigrant visa had been procured by means of a false claim or statement; and (3) the false statement or claim was material. A statement is "false" when made if it is untrue when made and the person making it knows it is untrue.

The jury convicted Shi of both counts of visa fraud. 18 U.S.C. § 1546(a). The district court sentenced Shi to concurrent terms of 12 months of imprisonment on each count followed by 2 years of supervised release.

Although we ordinarily review the denial of a motion for a judgment of acquittal *de novo*, *United States v. Laines*, 69 F.4th 1221, 1229 (11th Cir. 2023), Shi argues that the evidence was legally insufficient because of an issue of statutory interpretation that he failed to raise in the district court. We review this argument for plain error only. *United States v. Wilson*, 788 F.3d 1298, 1308, 1310 (11th Cir. 2015). Likewise, because Shi argues that the district court erred by failing to give a jury instruction that he never requested, we review this argument for plain error too. *United States v. Iriele*, 977 F.3d 1155, 1176–77 (11th Cir. 2020). The plain error "standard requires that there be error, that the error be plain, and that the error affect a substantial right." *United States v. Bennett*, 472 F.3d 825, 831 (11th Cir. 2006). An error is "plain" if it is "obvious" and "clear under current law." *United States v. Lange*, 862 F.3d 1290, 1296 (11th Cir. 2017).

Shi argues that the government failed to meet its burden of proving the third element of the crime—that he made a "false statement" in his visa application. He argues that his statute of conviction, 18 U.S.C. § 1546(a), incorporates by reference a statute requiring that declarations made outside of the United States state that they were made under penalty of perjury "under the laws of the United States of America," 28 U.S.C. § 1746. Shi argues that, because the DS-160 forms he signed stated only that "declarations made in this application are unsworn declarations made under penalty of perjury," without reference to the laws of the United States, no reasonable juror could find him guilty of making a "false statement" on the application. Shi also argues that the district court erred by not instructing the jury that the false statement had to be made under "penalty of perjury under the laws of the United States," based on the language in section 1746. We disagree.

Shi's superseding indictment tracked the language of the first paragraph of section 1546(a) of Title 18 of the United States Code, which provides:

> Whoever knowingly forges, counterfeits, alters, or falsely makes any immigrant or nonimmigrant visa . . . or . . . uses . . . any such visa . . . for entry into or as evidence of authorized stay . . . in the United States, knowing it . . . to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained . . . shall be fined under this title or imprisoned . . . or both.

18 U.S.C. § 1546(a). But the fourth paragraph of section 1546(a) criminalizes different conduct. It provides that:

> Whoever knowingly makes under oath, or as permitted *under penalty of perjury under [28 U.S.C. § 1746]*, knowingly subscribes as true, any false statement with respect to a material fact in any application . . . or other document required by the immigration laws . . . shall be fined under this title or imprisoned . . . or both.

*Id.* (emphasis added). This fourth paragraph references a federal statute, 28 U.S.C. § 1746, which provides that a sworn oath or affidavit that is executed without the United States "may . . . be supported . . . in writing . . . as true under penalty of perjury, and dated, in substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty of perjury *under the laws of the United States of America* that the foregoing is true . . . .'" *Id.* (emphasis added).

The district court did not plainly err. The plain language of the first paragraph of section 1546(a) makes no reference to section 1746 or the making of an "oath" under penalty of perjury, nor does it utilize the same language as the fourth paragraph of section 1546(a). And because plain error requires "an error that is obvious and is clear under current law[,]" "there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *Lange*, 862 F.3d at 1296 (internal quotation marks omitted). Shi identifies no binding precedent, nor does our research reveal any, holding that a "false claim or statement" under

the first paragraph of section 1546(a) requires the government to prove that the defendant made the statement under penalty of perjury "under the laws of the United States," 28 U.S.C. § 1746. Shi fails to establish that the district court plainly erred in denying his motion for a judgment of acquittal on this ground and in not instructing the jury on the "penalty of perjury" language in section 1746. Shi abandons any other challenge he could make to the sufficiency of the evidence against him by failing to raise it in his opening brief. *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc).

We **AFFIRM** Shi's convictions and sentence.